UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                            CASE NO. 04-CR-80864-DT
v.                           JUDGE VICTORIA A. ROBERTS
                            MAGISTRATE JUDGE PAUL KOMIVES

LEONARD ASHFORD,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

I.      **RECOMMENDATION**:

The court should deny defendant's motion to suppress evidence. (Doc. Ent. 11).

II.     **REPORT**:

A.    *Procedural Background*

Defendant, who is charged with being a felon in possession of a firearm, has filed a motion to suppress the evidence seized during the execution of a search warrant at his residence, 15716 Ohio, in the City of Detroit. Defendant argues that the application and affidavit presented to Magistrate Judge R. Steven Whalen failed to establish probable cause to support the issuance of the search warrant which resulted in the seizure of several firearms which now form the basis of the criminal charge brought against him.

The United States Attorney has filed a response to the motion and defense counsel has filed a reply to the response.

B.      *Legal Standard*

A court which is called upon to review the issuance of a search warrant by a judicial officer is limited to deciding "whether the evidence as a whole provided a 'substantial basis' for the Magistrate's finding of probable cause." *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984). A judicial officer's determination that there is probable cause must be given "great deference." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991).

C.      *Analysis*

1. Defendant Ashford's motion asserts that the affidavit was insufficient because it was based almost entirely on the uncorroborated word of an individual who had at least six felony convictions, including second degree murder, kidnapping and escape from prison and that it did not provide probable cause to believe that contraband would be found at the Ohio address on the date the warrant was issued.

2. The government's response acknowledges that information provided by an untested informant must be supported in some way by independent corroboration. After noting that the informant in this case provided great detail relative to the defendant's house, cars and types of firearms he had observed on the premises, the government argues that the agent who signed the application and affidavit verified the information received from the informant by conducting surveillance at the home and verifying that the types of vehicles the informant had mentioned were actually at the house. The agent also verified, by using utility checks, Secretary of State records and LIEN checks the ownership of those vehicles and the residence history of the house on Ohio as well as the fact that the defendant had a criminal record.

3. The defendant's reply argues that the corroborative factors relied upon by the government

were merely personal facts concerning the defendant, and not factors indicating that he had illegal firearms in his residence. Nor was there any attempt to obtain corroboration by making undercover buys or placing phone calls to be recorded with the informant's consent or by introducing an undercover agent to the defendant.

    4. The defendant's argument would be persuasive if the decision of the Supreme Court in *Spinelli v. United States*, 393 U.S. 410 (1969), was still controlling. In that case, the Supreme Court struck down as insufficient an affidavit in which an informant's tip gave "a suspicious color" to surveillance which detailed only "innocent-seeming conduct." 393 U.S. at 415. The informant's tip itself could not be credited because the agent who asserted that the informant was reliable offered no reason in support of this assertion. 393 U.S. at 416. In addition, the agent did not relate how the informant had allegedly received his information that Spinelli was running a bookmaking operation. *Id*. The *Spinelli* Court noted that in 1959 it had upheld a warrantless arrest after determining that probable cause had been established. *Draper v. United States,* 358 U.S. 307 (1959). The informant in *Draper* had told the government, without stating the way in which he had obtained his information, that Draper had gone to Chicago the day before by train and would return to Denver by train with three ounces of heroin on one of two specified mornings. *Draper*, 458 U.S. at 409. The informant's reliability had been established by the furnishing of prior information which had proven accurate and reliable over a six-month period of dealing with narcotics agents. 358 U.S. at 309. The informant also described, "with minute particularity," the clothes Draper would be wearing upon his arrival at the Denver station and stated that he would be carrying a tan zipper bag and habitually walked fast. 358 U.S. at 309. When the officers observed Draper getting off the train from Chicago on one of the two mornings specified, wearing the clothes described by the informant, carrying a tan

zipper bag and walking fast, they possessed probable cause to arrest Draper and search him incident to that arrest, finding the heroin. 358 U.S. at 313. The *Spinelli* Court noted that while it would have been reasonable for a judicial officer to infer that the informant in *Draper* had gained his information in a reliable way, "such an inference cannot be made in the present case." 393 U.S. at 416-17.

     5. The case before the court is controlled by *Illinois v. Gates*, 462 U.S. 213 (1983). In that case, the Supreme Court upheld a search warrant issued by a judicial officer "on the basis of a partially corroborated anonymous informant's tip." 462 U.S. at 217. The only corroboration of information furnished by the anonymous informant merely established that Lance Gates had flown from Chicago to West Palm Beach Florida, had taken a taxi to a Holiday Inn where he went to a room registered to his wife (Susan Gates), and that the next day Lance Gates and an unidentified woman left in a car with a license plate registered to Gates on a different car and were seen heading north. 462 U.S. at 225-26. This was held by the Supreme Court to be sufficient to issue a search warrant for Gates' home and car in Bloomingdale, Illinois in light of the anonymous tip that Lance and Susan Gates were making a living selling drugs and that they purchased them in Florida. 462 U.S. at 225. The anonymous tip stated that Susan Gates would drive the Gates' car to Florida, leave it to be loaded with drugs and fly back to Chicago, while Lance Gates would fly from Chicago to Florida and then drive the car back to Chicago. *Id*. The informant's tip also stated that the trunk of the car would have over one hundred thousand dollars in drugs and that at present there was over one hundred thousand dollars worth of drugs in their basement. *Id*. The *Gates* Court rejected the *Spinelli*'s Court's two-pronged test in favor of a totality of circumstances test, 462 U.S. at 230-31, 233-37, and stated that the task of a judicial officer reviewing an application for a search warrant

4

is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238. And the task of a reviewing court "is simply to ensure that the magistrate had a substantial basis for . . . .concluding that probable cause existed. . . ." 462 U.S. at 238-39. The *Gates* Court acknowledged that an informant's veracity, reliability and basis of knowledge are all highly relevant in determining the value of his report, 462 U.S. at 230, but stated that "these elements should not be understood as entirely separate and independent requirements to be rigidly exacted in every case . . . but should be understood simply as closely intertwined issues that may usefully illuminate whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." 462 U.S. at 230.

   6. The argument of defense counsel that the only corroboration of the informant's information in the case at bar is of innocuous factors is not persuasive in light of *Gates*. Indeed, in that case, as pointed out in dissent, there were inconsistencies in the corroboration when compared with the anonymous tip. 462 U.S. at 291-93. Susan Gates did not return to Chicago by air, as the tip asserted was the *modus operandi*, and the unidentified woman who left the motel in Florida with Lance Gates was probably Susan. The fact that Susan Gates was in Florida with the car, was joined by her husband and that the two drove north together the next morning was "neither unusual nor probative of criminal activity."462 U.S. at 292. The issuing magistrate, as pointed out in the dissent, did not know when he issued the warrant that Lance and Susan Gates had then driven twenty-two-hours non-stop from West Palm Beach Florida to Bloomingdale, Illinois. 462 U.S. at 292. He only knew, from reading the officer's affidavit, that "the anonymous informant had not been completely

accurate in his or her predictions."462 U.S. at 291. Yet, the Supreme Court, by a vote of six to three, upheld the warrant and the seizures made in the execution of the warrant, rejecting *Spinelli* and reaffirming *Draper*, which it called "the classic case on the value of corroborative efforts of police officials." 462 U.S. 242. Yet, the *Gates* Court recognized that the informant in *Draper* "gave no indication of the basis for his information" that Draper would be bringing three ounces of heroin from Chicago. *Id*. And the corroborative efforts of the police in *Draper* consisted merely of observing the passengers arriving on the train from Chicago and arresting the passenger who matched the description given by the informant, *i.e.*, someone "wearing a light colored raincoat, brown slacks, and black shoes, and . . . walking 'real fast.'" *Id.*.

      7. The government also argues that, if the warrant is found to have been improperly issued because the application and affidavit did not establish probable cause, the search and seizure should be upheld under the good faith exception to the exclusionary rule of evidence. If the Court should reject my recommendation that it uphold the warrant as one issued upon probable cause under the standard set forth in *Gates*, it should still deny the morion to suppress on the basis of the good faith exception. I cannot conclude that the agents "could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 918 (1984).

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

      The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE

Dated: January 18, 2006

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 18, 2006.
>
>                               s/Eddrey Butts
>                               Case Manager