UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                                       Case No. 04-80864
                                                     Hon. Victoria A. Roberts
                                                     Mag. Paul Komives

LEONARD ASHFORD,

       Defendant.
_____

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO QUASH SEARCH WARRANT AND SUPPRESS EVIDENCE**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to quash search warrant and suppress evidence. A hearing was held on March 20, 2006. For the following reasons, the Court **ADOPTS** the Report and Recommendation **DENYING** the Defendant's Motion.

**II.   BACKGROUND**

This action arises out of the search of Defendant's residence pursuant to a search warrant. Based on the evidence found during execution of the search warrant, the Defendant is charged as a felon in possession of a firearm in violation of 18 USC §922(g)(1).

Defendant disputes the existence of probable cause for the warrant. Police

1

learned of Defendant's alleged criminal activity when Lamont Sapp ("Sapp") was taken into custody for suspected participation in the burglary of a firearms store.  Sapp indicated that the group of individuals responsible for the burglary robbed firearms dealers for over twenty years.  He also told police that Defendant, a convicted felon, stores the stolen weapons in his house at 15716 Ohio St in Detroit.  Sapp claimed the weapons were rented out for use in other crimes.

Agents corroborated some of the information given by Sapp.  They verified the types of cars Sapp said would be at the residence.  Agents also obtained a photograph of Defendant and verified that he lived at the residence.  They also confirmed that Defendant was a convicted felon and several databases listed the residence as his address.

Agent Mark Jackson presented an affidavit including the above facts to Magistrate Judge R. Steven Whalen on October 24, 2003.  The affidavit also outlined criminal activity involving theft that Sapp was involved in.  A search warrant was issued for search of Defendant's residence for suspected possession of firearms.  It was executed the same day.  Agents seized a .45 caliber revolver and two shotguns.

On October 20, 2004, Defendant was indicted as a felon in possession of a firearm.  On November 10, 2005, Defendant moved to quash the search warrant and suppress the evidence obtained from the search.  Defendant argued there was no probable cause because the affiant did not disclose to the magistrate the informant's criminal history, or that the informant had something to gain by providing information to agents.  Further, Defendant claims agents did not adequately corroborate the information provided by Sapp.

Magistrate Judge Paul Komives issued a Report and Recommendation ("R&R") on January 18, 2006. Based on the totality of the circumstances, the Magistrate Judge found probable cause for the issuance of the warrant. Additionally, he recommends that if this Court finds probable cause was lacking - it nonetheless deny the motion to suppress under the "good faith" exception.[1]

On January 23, 2006, the Defendant filed objections to the R&R. He argued that Magistrate Komives failed to consider that Sapp's criminal history was not disclosed to Magistrate Whalen, and contends that the corroboration was insufficient because "anyone who knew [the Defendant] fairly well could have recited the same personal details that passed for 'corroboration' given by Mr. Sapp." Lastly, the Defendant claims the agents are not entitled to the "good faith" exception.

### III.   STANDARD OF REVIEW

A district court reviews a magistrate's report and recommendation on a motion to suppress *de novo*. *U.S. v. Leake*, 95 F.3d 409, 416 (6th Cir. 1996).

"To be entitled to a hearing on a motion to suppress evidence obtained pursuant to a search warrant that was issued in response to an affidavit, a defendant's assertions with respect to the trustworthiness of the affidavit must be more than conclusory." *U.S. v. Hall*, 171 F.3d 1133, 1143 (6th Cir. 1999)(citation omitted). "The defendant's motion must amount to a substantial preliminary showing of deliberate falsehood or of reckless disregard for the truth, and must be accompanied by an offer of proof." *Id*. "The deliberate falsity or reckless disregard whose impeachment is permitted is only that of

---

[1] The "good faith" exception is set forth in *U.S. v. Leon*, 468 U.S. 897 (1984).

3

the affiant." *Id*. "Finally, if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id*.

In order to obtain a hearing where the defendant asserts there are material omissions from a search warrant, he must make a substantial preliminary showing that the affiant omitted the facts with the intent to make the affidavit misleading; and, that the affidavit with the omitted information could not support probable cause. *Id*.

### IV.   APPLICABLE LAW AND ANALYSIS

In determining probable cause, "[a] court must look to the 'totality of the circumstances,' including a confidential informant's 'veracity, reliability, and basis of knowledge,' in order to answer 'the commonsense, practical question' of whether an affidavit is sufficient to support a finding of probable cause." *U.S. v. May*, 399 F.3d 817, 822 (6th Cir. 2005)(*citing Illinois v. Gates*, 462 U.S. 213, 230 (1983)).  Those elements are not entirely separate requirements to be rigidly exacted in every case. *Gates*, 462 U.S. at 230.  "[A]n affidavit is sufficient where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, such that a neutral and detached magistrate *may* believe that evidence of a crime will be found." *May*, 399 F.3d at 822-823 (emphasis original)(*citing U.S. v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000)).

The Defendant directs the Court to *U.S. v. Harris*, 255 F.3d 288 (6th Cir. 2001), to show that the affidavit in this case did not establish probable cause.  In *Harris* the affidavit stated that an informant who provided information in the past and conducted controlled buys told the affiant that he was in the house of the defendant and saw him

possess narcotics.  The magistrate was also told the informant's identity and that the informant conducted two controlled buys at the defendant's residence.  The magistrate issued a search warrant.

This Defendant argues that because agents did not corroborate the alleged criminal activity, alleged by Sapp - for instance, through a controlled buy of a firearm, there was not probable cause to believe a firearm would be found on the premises. Defendant appears to argue that because a controlled buy was conducted in *Harris*, it should have been conducted here.  However, he fails to recognize that the test is a totality of the circumstances.  While the efforts in *Harris* were deemed sufficient to establish probable cause in that case, the court did not hold that the efforts in that case were required in all cases.  Also, the defendant in *Harris* was suspected of possessing and distributing narcotics.  The Defendant in this case is suspected of being a felon in possession of a firearm.  The corroboration necessary in the case of a suspected felon in possession of a firearm is satisfied by a tip that the defendant possesses a firearm, verification that the defendant is a convicted felon, and verification that the defendant lives at the address.  *U.S. v. Smith*, 182 F.3d 473, 480 (6th Cir. 1999).  All of those factors were met here.

In *U.S. v. Smith*, 182 F.3d 473 (6th Cir. 1999), the court reversed a grant of a motion to suppress evidence.  The warrant was issued to search for illegal firearms. The magistrate was presented with an affidavit that indicated the defendant was a convicted felon.  It also stated that a confidential informant, who provided information on 26 other occasions, saw the defendant possess a gun in his residence.  The affiant obtained a photograph of the defendant and confirmed through surveillance that he

lived at the address.  The magistrate issued a warrant, but the evidence seized as a result was suppressed because the district court found there was insufficient corroboration and explicitness of detail to establish probable cause.

The Sixth Circuit held "the only evidence needed to establish probable cause of illegal activity was defendant's possession of the firearms, and corroboration that defendant was a felon and currently living on the premises.  Independent investigation by the police determined that defendant was indeed a former felon, for whom it was illegal to possess firearms, and that the premises where the guns were seen was his home."  *Smith*, 182 F.3d at 480.   The court held the officers did everything necessary to corroborate the informant's tip.  *Id.* at 480-481.

In this case, the agents received information from an informant who claims he knew the Defendant all his life, that he had been in the house in the last ten days, and knew the Defendant possessed firearms.  The residence and criminal history were corroborated by independent agent investigation.  This is all the corroboration that is necessary for a felon in possession of a firearm case.

The Defendant also argues that the warrant should be invalidated because the affidavit did not include Sapp's specific criminal history or the potential benefit to him by providing agents with information.  The Defendant claims Sapp is a six time convicted felon and was on parole when he was picked up by officers.  The Defendant alleges that a parole violation would result in Sapp returning to prison for ten years.  Defendant argues that at the time he gave information implicating Ashford in a crime, he himself was facing substantial time, such that he would have a motivation to lie so that he would receive favorable treatment.  The Defendant contends the magistrate was unaware that

6

Sapp is a criminal, and without the specific information referenced above, could not make a proper determination of probable cause.

The affidavit does indicate that Sapp is involved in criminal activity, but does not specifically list his criminal history. The affidavit states that during the burglary that led to Sapp's contact with agents, he was to "act as a lookout...calling the other two on their cell phones if he saw the police coming." [Affidavit for Search Warrant, ¶6]. The affidavit also stated that after the theft, Sapp was taken into custody because he had a pry bar, a screwdriver, a hammer, and a pair of cotton gloves in his car. *Id.* ¶4. Sapp told agents about a longstanding operation of robbing firearms stores and other area thefts.

In *U.S. v. Avery*, 295 F.3d 1158 (10th Cir. 2002), the Tenth Circuit upheld the validity of a search warrant where the informant's lengthy criminal history was not included in the affidavit. The court found the magistrate would have issued the search warrant even if the criminal history was in the affidavit. *Id.* at 1168. "[T]he affidavit, though not explicitly mentioning the confidential informant's criminal history, informed the magistrate judge that the informant had used and sold cocaine in the past, thus putting the magistrate judge on notice that the confidential informant was not a model citizen and the he had previously violated laws." *Id.*

"An issuing magistrate's probable cause determination should be paid great deference by the reviewing courts, and should not be set aside unless arbitrarily exercised." *U.S. v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986)(citation omitted). "The courts should not undertake a *de novo* review of the sufficiency of an affidavit." *Id.* "[S]o long as the magistrate had a 'substantial basis for concluding' that a search would

uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Id.*

The court also held in *Avery*, "magistrate judges, courts have observed, often know, even without an explicit discussion of criminal history, that many confidential informants suffer from generally unsavory character and may only be assisting police to avoid prosecution for their own crimes." *Avery,* 295 F.3d at 1168.

The affidavit included information that would put a magistrate on notice that Sapp is "not a model citizen." It stated that he participated in the firearm theft and that this was one theft in an operation that lasted twenty years. Inclusion in the affidavit of Sapp's specific criminal history likely would not have changed the determination of his credibility. Sapp was identified in the affidavit, provided information about a lifelong friend, and gave specific details regarding the Defendant. That provided a "substantial basis for concluding" that the information supplied by Sapp was reliable.

Sapp is a reliable informant. While he had no history as an informant, Sapp's identity was stated in the affidavit. "An informant's tip is considered to have greater reliability, and therefore to be more supportive of a finding of probable cause, if the affidavit avers that the name of the confidential informant has been disclosed to the issuing judge." *May*, 399 F.3d at 823. Additionally, the informant provided specific details about the Defendant's house and cars; the name of the Defendant's girlfriend; and, the age of her child. "[P]robable cause required only a probability or substantial chance of criminal activity, not an actual showing of such activity...therefore, innocent behavior frequently will provide the basis for a showing of probable cause..." *Gates*, 462 U.S. at 245 n.13.

Lastly, Defendant notes that ten days elapsed between Sapp's last visit to

Defendant's residence and the issuance of the warrant.  "Even if a significant period of time elapsed, it is possible the magistrate judge may infer that a search would uncover evidence of wrongdoing."  *U.S. v. Pinson*, 321 F.3d 558, 565 (6th Cir. 2003)(citation omitted).  This Circuit has held that ten days specifically does not make a warrant stale.  In *U.S. v. Spikes*, 158 F.3d 913 (6th Cir. 1998), the court affirmed denial of a motion to suppress even though the officer did not apply for a warrant until ten days after a search of the defendant's trash revealed drug trafficking paraphernalia.

Based on the totality of the circumstances, the affidavit was sufficient to establish probable cause that Defendant kept firearms at his residence on 15716 Ohio St.

Accordingly, there is no need to address the government's argument that it is entitled to the "good faith" exception pursuant to *Leon*, 468 U.S. 897.

## V.   CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation and **DENIES** the Defendant's Motion to quash the search warrant and suppress evidence.

**IT IS SO ORDERED.**

                                       s/Victoria A. Roberts
                                       **Victoria A. Roberts**
                                       **United States District Judge**

**Dated:  March 22, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 22, 2006.**

**s/Carol A. Pinegar**
**Deputy Clerk**